IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>    Plaintiff,<br><br>        v.<br><br>**[1] JORGE L. APONTE-FIGUEROA,**<br>    **(COUNTS 1-23)**<br>**[2] ADA PEREZ-ALFONSO,**<br>    **(COUNTS 2, 8-14, 22, 23)**<br>**[3] ENRIQUE SOSA-HERNANDEZ,**<br>    **(COUNTS 1, 3-7, 15, 21, 23)**<br>**[4] MILAGROS PAGAN-MORALES,**<br>    **(COUNTS 2, 8-14, 22, 23)**<br>**[5] ANGEL RAMALLO-DIAZ,**<br>    **(COUNTS 2, 12-14, 22, 23)**<br>**[6] RAMALLO BROS., INC.,**<br>    **(COUNTS 2, 12-14, 22, 23)**<br>**[7] RAFAEL GARCIA-PEREZ,**<br>    **(COUNTS 2, 8-11, 14, 22, 23)**<br>**[8] FERNANDO SANCHEZ-BENCON,**<br>    **(COUNTS 15, 23)**<br>**[9] EDUARDO SANCHEZ-BENCON,**<br>    **(COUNTS 15, 23)**<br>**[10] FRANCISCO CONSUEGRA-**<br>  **LASTAYO,**<br>    **(COUNTS 15, 23)**<br>**[11] CONSUEGRA, INC.,**<br>    **(COUNTS 15, 23)**<br>**[12] GUILLERMO RIVERA-OLIVER,**<br>    **(COUNTS 15, 23)**<br>**[13] RRO, INC. , dba**<br>    **"El Grillon Cash & Carry",**<br>    **(COUNTS 15, 23)**<br>        Defendants. | **INDICTMENT** <br><br>Criminal No. 05-<br><br>Twenty-Three Counts<br><br>Violations:  *Title 18, United States Code :*<br>*Section 371 (Conspiracy), Section 669*<br>*(Embezzlement from health benefit plan);*<br>*Section 1956 (Money Laundering); Section 2*<br>*(Aiding and Abetting); Title 29 United States*<br>*Code, Section 439(c)(Making a false record);*<br>*Section 501(c)(Embezzlement union dues);*<br>*Title 18, United States Code, Section*<br>*982(a)(1) (Criminal Forfeiture)*<br><br> |

**THE GRAND JURY CHARGES:**

### GENERAL ALLEGATIONS

AT ALL TIMES MATERIAL TO THIS INDICTMENT:

1.     International Longshoremen's Association  Local 1740, also known as "Union De

Trabajadores de Muelles y Ramas Anexas de San Juan, Puerto Rico" (hereinafter referred to as

"UTM Local 1740"), was a labor organization or labor union, engaged in an industry affecting commerce within the meaning of Title 29, United States Code, § 402(i)(j). UTM Local 1740 represented over one thousand employees working at the piers in Puerto Rico.

2.     UTM Local 1740 and other labor organizations known as Locals 1903(Ponce), 1904(Mayaguez) and 2012(Guanica) were members of the District Council of International Longshoremen Association Locals in Puerto Rico, also known as the "Consejo De Uniones De Trabajadores de Muelles y Ramas Anexas de Puerto Rico" (hereinafter referred to as "the District Council of ILA Locals in Puerto Rico").

3.     The District Council of ILA Locals in Puerto Rico negotiated collective bargaining agreements with employers on behalf of its members. A collective bargaining agreement is a contract between an employer and a labor union regulating employment conditions, wages, benefits, and grievances.

4.     Defendant [1]JORGE L. APONTE-FIGUEROA was the President of UTM Local 1740 and of the District Council of ILA Locals in Puerto Rico.

5.     UTM Local 1740, Locals 1903, 1904, and 2012 were affiliated to the International Longshoremen's Association ("AFL-CIO").

6.     UTM Local 1740's physical facilities were located in Puerta de Tierra, San Juan, Puerto Rico.

7.     The Department of Labor ("DOL") was a Department of the Executive Branch of the United States Government with regulatory oversight responsibilities for labor unions in the United States, including Puerto Rico. DOL required labor organizations to submit information about their finances and expenditures on an annual basis to the Secretary of Labor in Washington, D.C..

8.      As a labor organization in an industry affecting commerce, UTM Local 1740 was subject to the regulatory supervision of DOL. As a regulated union, UTM Local 1740 was required to submit annual reports of its financial condition known as forms LM-2 and LM-3 to DOL.

9.      Forms LM-2 and LM-3 required full truthful disclosure of the dues paid by union members to the UTM Local 1740 during each reporting period.

10.     Forms LM -2 and LM-3 required the signatures of UTM Local 1740's President and Treasurer. The following declaration appears above the signature lines on Forms LM-2 and LM-3: "each of the undersigned, duly authorized officers of the above labor organization, declares under the applicable penalties of law, that all of the information submitted in this report (including the information contained in any accompanying documents) has been examined by the signatory and is, to the best of the undersigned's knowledge and belief, true, correct, and complete."

11.     According to UTM Local 1740's constitution, the Board of Directors of UTM Local 1740 was composed of a President, Vice-President, Financial Secretary, Secretary, Treasurer, and Vocals, among others.

12.     As President of UTM Local 1740, defendant [1]JORGE L. APONTE-FIGUEROA's responsibilities included: presiding over the union's matters, keeping and maintaining the records of the union, and establishing appropriate administrative and financial proceedings.

13.     UTM Local 1740's constitution required its members to work at piers, and required the deduction of union dues directly from the members' salaries by the employers. The employers were required, in turn, to pay the employees' union dues directly to UTM Local 1740.

14.     The following companies employed UTM Local 1740 union members and paid union dues on behalf of their employees to UTM Local 1740: Intership, Luis A. Ayala Colon, Sucrs., Caribe Shipping Co., Island Stevedoring, Inc., Ocean Management, Inc., Diversified Marine Inc.,

Continental Shipping, Inc., Cruise Plus Service, Puerto Rico Line, Inc., Transcaribbean Maritime Corp..

15.     Union dues were equal to four percent (4%) of the salary earned per shift by each union member.

16.     According to UTM Local 1740's constitution, all of UTM Local 1740's funds were to be deposited in a union bank account and all disbursements from the account were to be made by check signed jointly by the union's President and the Financial Secretary.

17.     UTM Local 1740 held account no. 012005401 at Banco Popular de Puerto Rico, (hereinafter referred to as "the UTM Local 1740 Account"). Defendant [1]JORGE L. APONTE-FIGUEROA had signature authority on the UTM Local 1740 Account.

18.     Part of the collective bargaining agreements negotiated by the District Council of ILA Locals included contributions by employers for an employee benefit plan known as Plan de Bienestar UTM-PRSSA ("Plan de Bienestar"). Employer contributions to the Plan de Bienestar were made on a trimester basis using a formula ranging from approximately $15 to $18 per hour worked by each union member encompassed by the District Council of ILA Locals in Puerto Rico.

19.     The Plan de Bienestar was subject to the disposition of the Employee Retirement Income Securities Act of 1974 (ERISA), as amended.

20.     The Plan de Bienestar was administered by a Board of Trustees (Junta de Sindicos), composed of three representatives of the shipping companies and three members of the District Council of ILA Locals in Puerto Rico.

21.     The Plan de Bienestar included four (4) funds: Benefit Fund ("Fondo de Beneficiencia", hereinafter referred to as the "Health Plan"), Vacation Fund, Separation from Employment Fund, and the Building Fund. The monies from each fund were to be used exclusively for the purpose for which each fund was created.

INDICTMENT
U.S. v. Jorge L. Aponte, et al.
Page No. 5

22.     The Health Plan was created to provide medical services, including the following benefits: dispensary, hospital, medicines, dental, orthopedic and other ancillary services. These services were provided by independent providers of health and medical services and were billed to the plan.

23.     The Health Plan held account no. 012430072 at Banco Popular de Puerto Rico (hereinafter referred to as "the Health Plan Account"). The only authorized signatories on this account were defendants [1]JORGE L. APONTE-FIGUEROA and [2]ADA PEREZ-ALFONSO.

24.     Disbursements from the Health Plan Account were supervised by defendant [4]MILAGROS PAGAN-MORALES and authorized by defendants [1]JORGE L. APONTE-FIGUEROA and [2]ADA PEREZ-ALFONSO.

25.     Under the laws of the Commonwealth of Puerto Rico, no person or entity may engage in check-cashing business activities in exchange for payment or compensation, without obtaining a license from the Commissioner of Financial Institutions.

26.     Defendants [6]RAMALLO BROS., INC., [11]CONSUEGRA, INC., [13]RRO,INC., d.b.a. El Grillon Cash and Carry, Isela's Liquor Store, and Puerta de Tierra Discount, were not licensed as check-cashing businesses by the Commonwealth of Puerto Rico.

27.     Banco Popular de Puerto Rico (hereinafter referred to as "Banco Popular"), Banco Bilbao Vizcaya (hereinafter referred to as "BBV"), Firstbank, Scotiabank and Doral Bank were banks insured by the Federal Deposit Insurance Corporation.

### The Defendants

28.     From in or about 1983 through the return of this Indictment, defendant [1]JORGE L. APONTE-FIGUEROA has been the President of UTM Local 1740, the President of the District Council of ILA Local in Puerto Rico, and the President of the Board of Trustees that oversees the Plan De Bienestar.

29.     As President of UTM Local 1740, defendant [1]JORGE L. APONTE-FIGUEROA owed a fiduciary duty to UTM Local 1740 and its members to safeguard the money and property of UTM Local 1740 for the exclusive benefit of UTM Local 1740 and its members, and to manage and spend the money and property of UTM Local 1740 for official union purposes.

30.     From in or about 1983 through the return of this Indictment, defendant [2]ADA-PEREZ-ALFONSO, has been employed as the Director of the Plan de Bienestar.

31.     From in or about 1981 through the return of this Indictment, defendant [3]ENRIQUE SOSA-HERNANDEZ has been employed as Sub-Director of the Plan De Bienestar.

32.     From in or about 1983 through the return of this Indictment, defendant [4]MILAGROS PAGAN-MORALES has been employed as Comptroller and/or Financial Director of the Plan de Bienestar.

33.     By virtue of their positions, defendants [1]JORGE L. APONTE-FIGUEROA, [2]ADA PEREZ-ALFONSO, [3]ENRIQUE SOSA-HERNANDEZ and [4]MILAGROS PAGAN-MORALES owed a fiduciary duty to the Plan De Bienestar and its participants to safeguard the money and property of the Plan de Bienestar solely for the benefit of its participants and not for their personal benefit or for the benefit of their friends and relatives.

34.     Defendant [5]ANGEL RAMALLO-DIAZ was the president and a shareholder of [6]RAMALLO BROS., INC..

35.     Defendant [6]RAMALLO BROS., INC., was a corporation duly created in 1965 pursuant to the laws of the Commonwealth of Puerto Rico.

36.     Defendant [7]RAFAEL GARCIA-PEREZ was [6]RAMALLO BROS., INC.'s comptroller from January 1995 through the latter part of 1999. After resigning from [6]RAMALLO BROS., INC., defendant [7]RAFAEL GARCIA-PEREZ incorporated three shell companies: Caribbean Consulting Services, Inc., (hereinafter referred to as "Caribbean Services"), San Juan

INDICTMENT
U.S. v. Jorge L. Aponte, et al.
Page No. 7

Community Distribution Services, Inc. (hereinafter referred to as "San Juan Community"), and

Metropolitan Group, Inc. (hereinafter referred to as "Metropolitan").

37.     Defendant [8]FERNANDO SANCHEZ-BENCON was the owner of Puerta de Tierra

Discount, a discount store located in Puerta de Tierra, San Juan, Puerto Rico.

38.     Defendant [9]EDUARDO SANCHEZ-BENCON was the owner of Puerta De Tierra

K-Chito and Isela's Liquor Store, both located in Puerta de Tierra, San Juan, Puerto Rico.

39.     Defendant [10]FRANCISCO CONSUEGRA-LASTAYO was the owner of

Consuegra, a jewelry store located in Old San Juan, Puerto Rico.

40.     Defendant [11]CONSUEGRA, INC. was a corporation duly created pursuant to the

laws of the Commonwealth of Puerto Rico.

41.     Defendant[12]GUILLERMO RIVERA-OLIVER was the owner of RRO, Inc., which

conducted business under the name of "El Grillon Cash & Carry" (hereinafter referred to as "El

Grillon"). El Grillon, is a liquor store located in Santurce, Puerto Rico.

42.     Defendant [13] RRO, INC. was a corporation duly created pursuant to the laws of

the Commonwealth of Puerto Rico.

## COUNT ONE
## CONSPIRACY TO EMBEZZLE LABOR UNION FUNDS
Title 18, United States Code, § 371

The General Allegations are incorporated herein by reference and made part of this count.

From a date unknown to the Grand Jury, but not earlier than 1990, and continuing through

in or about June 2005, in San Juan, District of Puerto Rico and elsewhere within the jurisdiction of

this Court,

[1]JORGE L. APONTE-FIGUEROA,
and
[3]ENRIQUE SOSA-HERNANDEZ,

INDICTMENT
U.S. v. Jorge L. Aponte, et al.
Page No. 8

the defendants herein, did knowingly and willfully combine, conspire, confederate, and agree with

each other and others known and unknown to the Grand Jury to commit offenses against the United

States, that is, embezzlement of union funds in excess of one million nine hundred fifty thousand

dollars ($1,950,000.00) from a labor organization, by stealing, embezzling, and unlawfully and

willfully, converting, and abstracting to their own use and the use of another, any of the moneys,

funds, securities, property, and other assets of UTM Local 1740, a labor organization as defined in

Title 29, United States Code, Section 402(i)(j), in violation of Title 29, United States Code, Section

501(c).

## OBJECT OF THE CONSPIRACY

It was the purpose and object of the conspiracy for defendants to unlawfully enrich

themselves and others, by embezzling millions of dollars from UTM Local 1740 and its individual

members, through a pattern of unlawful diversion of funds and deceptive conduct designed to

conceal the embezzlement of union funds.

## MANNER AND MEANS OF THE CONSPIRACY

1.      It was part of the manner and means of the conspiracy for the defendants to divert

checks payable to UTM Local 1740, for the lawful payment of union dues, for their own benefit by

causing the checks to be endorsed and cashed at various local businesses.

2.      It was further part of the manner and means of the conspiracy that defendant

[3]ENRIQUE SOSA-HERNANDEZ would visit the offices of Intership, Luis A. Ayala Colon,

Sucrs., Island Stevedoring, Inc., Ocean Management, Inc., Cruise Plus Service, Puerto Rico Line,

Inc., and Transcaribbean Maritime Corp. to personally pick-up union dues checks issued by these

employers to "UTM Local 1740".

3.      It was further part of the manner and means of the conspiracy that after picking-up

the union dues checks payable UTM Local 1740, defendant [3]ENRIQUE SOSA-HERNANDEZ

INDICTMENT
U.S. v. Jorge L. Aponte, et al.
Page No. 9

would provide a substantial number of the checks to [8]FERNANDO SANCHEZ-BENCON, at

Puerta de Tierra Discount for cashing.

4.      It was further part of the manner and means of the conspiracy that defendant

[3]ENRIQUE SOSA-HERNANDEZ would also convert some of the union dues checks payable to

UTM Local 1740 to official manager checks payable to "UTM Local 1740", which he would later

provide to [8]FERNANDO SANCHEZ-BENCON, at Puerta de Tierra Discount for cashing.

5.      It was further part of the manner and means of the conspiracy that for the dual

purposes of perpetrating and concealing the embezzlement, defendant [1]JORGE L. APONTE-

FIGUEROA would maintain control over the incoming union dues checks, and would personally

be responsible for delivering the checks to UTM's Financial Secretary to be deposited into UTM

Local 1740's Account.

6.      It was further part of the manner and means of the conspiracy that [8]FERNANDO

SANCHEZ-BENCON, would convert union dues checks payable to UTM Local 1740 and

manager checks payable to UTM Local 1740 (hereinafter collectively referred to as "UTM Local

1740 checks") to cash, by either using his own business account or by providing the checks

to[9]EDUARDO SANCHEZ-BENCON and [10]FRANCISCO CONSUEGRA-LASTAYO, both

for cashing.

7.      It was further part of the manner and means of the conspiracy that [8]FERNANDO

SANCHEZ-BENCON, would charge a fee equal to 5% of the amount of each UTM Local 1740

check provided to him for cashing by defendant [3]ENRIQUE SOSA-HERNANDEZ.

8.      It was further part of the manner and means of the conspiracy that [9]EDUARDO

SANCHEZ-BENCON, would obtain and cash UTM Local 1740 checks from defendant

[3]ENRIQUE SOSA-HERNANDEZ or [8]FERNANDO SANCHEZ-BENCON, and would charge

a fee for each UTM Local 1740 check cashed.

9.     It was further part of the manner and means of the conspiracy that [9]EDUARDO SANCHEZ-BENCON,  would cash UTM Local 1740 checks through accounts associated with him and through [11] CONSUEGRA, INC.

10.     It was further part of the manner and means of the conspiracy that [10]FRANCISCO CONSUEGRA-LASTAYO, authorized UTM Local 1740 checks to be cashed at [11]CONSUEGRA, INC. in Old San Juan.

11.     It was further part of the manner and means of the conspiracy that [10]FRANCISCO CONSUEGRA-LASTAYO,  would charge  a fee equal to between 1.5% and 5% of the amount of each UTM Local 1740 check cashed through [11] CONSUEGRA, INC..

12.     It was further part of the manner and means of the conspiracy that [9]EDUARDO SANCHEZ-BENCON,  would  also  convert  UTM  Local  1740  checks  to  cash  by  purchasing merchandise  at El Grillon using UTM Local 1740 checks which had been fraudulently endorsed, and obtaining the balance in cash from[12]GUILLERMO RIVERA-OLIVER.

13.     It was further part of the manner and means of the conspiracy that [12]GUILLERMO RIVERA-OLIVER,  would be paid a fee for each UTM Local 1740 check cashed.

14.     It was further part of the manner and means of the conspiracy that [12]GUILLERMO RIVERA-OLIVER,  would deposit UTM Local 1740 checks in the account  held  by [13] RRO, INC., dba El Grillon Cash & Carry.

15.     It was further part of the manner and means of the conspiracy that [8]FERNANDO SANCHEZ-BENCON,  would deliver the cash generated from cashing the UTM Local 1740 checks to defendant  [3]ENRIQUE SOSA-HERNANDEZ, less the percentage charged for cashing the checks, which percentage varied from 5% to10%,  depending on the number of persons involved in the process of cashing a particular check.

16.     It was further part of the manner and means of the conspiracy that [8]FERNANDO SANCHEZ-BENCON, [9]]EDUARDO SANCHEZ-BENCON, [10]FRANCISCO CONSUEGRA-

INDICTMENT
U.S. v. Jorge L. Aponte, et al.
Page No. 11

LASTAYO, and [12]GUILLERMO RIVERA-OLIVER, all would keep the monies they charged for cashing the checks, for their own benefit.

17.     It was further part of the manner and means of the conspiracy that in order to conceal the embezzlement of the union dues from the Department of Labor, defendant [1]JORGE L. APONTE-FIGUEROA, would falsely under-report the amount of dues paid to UTM Local 1740 in Forms LM-2 and LM-3.

## OVERT ACTS

In furtherance of the conspiracy and to effect the objects thereof, the defendants and other co-conspirators, known and unknown to the Grand Jury, committed and caused to be committed at least one of the following overt acts, among others, in the District of Puerto Rico and elsewhere:

1.     From in or about 1990 until the return of the indictment, defendant [3]ENRIQUE SOSA-HERNANDEZ personally picked up union dues checks payable to UTM Local 1740 from the following employers: Continental Stevedoring, Inc., Cruise Plus Service and Sales, Intership, Diversified Marine International , Inc., Island Stevedoring, Inc., Transcaribbean Maritime Corp., Ayala Colon, Continental Stevedoring, Puerto Rico Line Agency, and Ocean Management, Inc..

2.     From in or about 1990 until 2005, [8] FERNANDO SANCHEZ-BENCON accepted and cashed union dues checks payable to UTM Local 1740 provided to him by defendant [3] ENRIQUE SOSA-HERNANDEZ.

3.     During the years 1999 through 2005, defendant [3]ENRIQUE SOSA-HERNANDEZ delivered over three hundred and thirty (330) checks  payable to UTM Local 1740 to [8]FERNANDO SANCHEZ-BENCON and others  in order to cash them and agreed to pay a  fee of between 5-10% for the cashing of said checks, as follows:

INDICTMENT
U.S. v. Jorge L. Aponte, et al.
Page No. 12

| YEAR | NUMBER OF CHECKS | TOTAL AMOUNT |
|:---:|:---:|:---:|
| 1999 | 47 | $252,233.84 |
| 2000 | 50 | $220,418.22 |
| 2001 | 69 | $333,305.00 |
| 2002 | 78 | $446,888.49 |
| 2003 | 46 | $315,035.92 |
| 2004 | 39 | $257,366.88 |
| 2005 | 10 | $128,540.13 |
| **TOTAL** | **339** | **$1,953,788.48** |

4.      From in or about February 1999 through February 2003, [8]FERNANDO SANCHEZ-BENCON cashed, directly and through [11]CONSUEGRA, INC., over one hundred sixty (160) checks payable to UTM Local 1740, with an aggregate value of over nine hundred thousand dollars ($900,000.00).

5.      From in or about November 1999 through March 2005, [9]EDUARDO SANCHEZ-BENCON cashed, directly and through [11]CONSUEGRA, INC. and [12]GUILLERMO RIVERA-OLIVER, over one hundred and sixty (160) checks payable to UTM Local 1740, with a value of over nine hundred thirty five thousand dollars ($935,000.00).

6.      From in or about June 2000 through in or about February 2003, [10]FRANCISCO CONSUEGRA-LASTAYO  caused to be cashed through [11]CONSUEGRA, INC. over one hundred and ten (110) checks payable to UTM Local 1740 provided to him by [8]FERNANDO SANCHEZ-BENCON and [9]EDUARDO SANCHEZ-BENCON, with an aggregate value of more than five hundred and fifty thousand dollars ($550,000.00).

7.      From in or about October 2000 through March 2005, [12]GUILLERMO RIVERA-OLIVER  cashed  over ninety (90) checks payable to UTM Local 1740 provided to him by

INDICTMENT
U.S. v. Jorge L. Aponte, et al.
Page No. 13

[9]EDUARDO SANCHEZ-BENCON, with an aggregate value of more than six hundred and forty

thousand dollars ($640,000.00).

    8.    Between 1999 and 2004, defendant [1]JORGE L. APONTE-FIGUEROA concealed

to the DOL, embezzlement of the union dues by falsely reporting the amounts of dues paid to the

union in DOL Forms LM-2 and LM-3, as more specifically outlined below:

| YEAR | UNION DUES REPORTED TO DOL BY [1]JORGE L. APONTE-FIGUEROA | ACTUAL UNION DUES PAID TO UTM LOCAL 1740 |
|---|---|---|
| 1999 | $268,192.00 | $447,899.18 |
| 2000 | $282,007.00 | $443,926.38 |
| 2001 | $147,983.00 | $420,134.62 |
| 2002 | $103,289.00 | $507,927.20 |
| 2003 | $252,036.00 | $500,709.18 |
| 2004 | $282,699.00 | $505,088.33 |
| TOTAL | $1,336,206.00 | $2,825,684.89 |

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO
## CONSPIRACY TO EMBEZZLE ERISA FUNDS
### Title 18, United States Code, § 371

The General Allegations are incorporated herein by reference and made part of this count.

From in or about 1992, and continuing through in or about April 2003, in San Juan, District

of Puerto Rico and elsewhere within the jurisdiction of this Court,

[1]JORGE L. APONTE-FIGUEROA,
[2]ADA PEREZ-ALFONSO,
[4]MILAGROS PAGAN-MORALES,
[5]ANGEL RAMALLO-DIAZ,
[6]RAMALLO BROS., INC.,
[7]RAFAEL GARCIA-PEREZ,

the defendants herein, and others known and unknown to the Grand Jury, did knowingly and

willfully, combine, conspire, confederate, and agree together with each other and others known and

unknown to the Grand Jury to commit offenses against the United States, that is, to unlawfully and

willfully abstract and convert to their own use and to the use of another, moneys, funds, securities,

premiums, credits, property, and other assets exceeding Eight Million Dollars ($8,000,000.00) of

an employee welfare benefit plan or employee pension benefit plan subject to Title I of ERISA , and

of any fund connected therewith, that is, from the Plan de Bienestar, in violation of Title 18, United

States Code, Section 664.

## OBJECT OF THE CONSPIRACY

It was the purpose and object of the conspiracy for defendants and others to enrich

themselves by embezzling millions of dollars from the Plan De Bienestar, through a series of

repetitive financial transactions designed to divert monies from the Plan de Bienestar and to create

the appearance of legitimacy, thereby concealing the unlawful diversion of the funds.

## MANNER AND MEANS OF THE CONSPIRACY

1.      It was part of the manner and means of the conspiracy for defendants to embezzle

monies from the Plan de Bienestar by issuing checks to defendant [6]RAMALLOS BROS., INC. and

to [7]RAFAEL GARCIA-PEREZ' shell companies Caribbean Services, San Juan Community and

Metropolitan, from the Health Plan Account for services not rendered to the Health Plan and using

the proceeds for their personal benefit.

2.      It was part of the manner and means of the conspiracy for defendants [1]JORGE L.

APONTE-FIGUEROA and [2]ADA-PEREZ-ALFONSO to authorize payment to defendant

[6]RAMALLO BROS., INC., from the Health Plan Account, for services not rendered, or in amounts

INDICTMENT
U.S. v. Jorge L. Aponte, et al.
Page No. 15

exceeding legitimate services rendered by defendant [6]RAMALLO BROS., INC., to the Health

Plan.

3.      It was further part of the manner and means of the conspiracy that defendant

[6]RAMALLO BROS., INC. would accept for cashing checks from the Health Plan for services not

rendered or in amounts exceeding legitimate services rendered.

4.      It was further part of the manner and means of the conspiracy that defendant

[5]ANGEL RAMALLO–DIAZ would instruct employees of defendant [6]RAMALLO BROS., INC.

to deposit the Health Plan checks in a special account held by defendant [6]RAMALLO BROS.,

INC. at BBV. Defendant [5]ANGEL RAMALLO-DIAZ would then authorize checks to be issued

from that account payable to defendant [6]RAMALLO BROS., INC. itself, for the payment of any

legitimate services provided by defendant [6]RAMALLO BROS., INC. to the Health Plan.

5.      It was further part of the manner and means of the conspiracy that checks drawn from

the Health Plan Account for the payment of services not rendered, or in amounts exceeding

legitimate services rendered, would also be deposited by [6]RAMALLO BROS. INC at the regular

accounts held by defendant [6]RAMALLO BROS., INC. at Scotiabank and Firstbank.

6.      It was further part of manner and means of the conspiracy that defendant

[6]RAMALLO BROS., INC. would charge a fee equal to between 10% and 30% of the amount

of each Health Plan check cashed and would funnel the monies back to [4] MILAGROS PAGAN-

MORALES.

7.      It was further part of the manner and means of the conspiracy that defendant

[5] ANGEL RAMALLO-DIAZ would keep the BBV account off defendant [6]RAMALLO BROS.,

INC.s' accounting books in order to prevent detection of the fraudulent scheme.

INDICTMENT
U.S. v. Jorge L. Aponte, et al.
Page No. 16

8.      It was further part of the manner and means of the conspiracy that while employed

at defendant [6]RAMALLO BROS., INC., defendant [7]RAFAEL GARCIA-PEREZ opened a bank

account at Doral Bank under the dba "Caribbean Service", account no. 0240002250, in order to

deposit fraudulent checks issued from the Health Plan Account to "Caribbean Service" by defendants

[1]JORGE L. APONTE-FIGUEROA and [2]ADA PEREZ-ALFONSO.

9.      It was part of the manner and means of the conspiracy that instead of issuing checks

to defendant [6] RAMALLO BROS., INC. for services actually rendered to the Health Plan,

defendants [1] JORGE L. APONTE FIGUEROA and [2] ADA PEREZ-ALFONSO would issue

checks to Caribbean Services from the Health Plan Account in order to pay for services rendered by

defendant [6] RAMALLO BROS., INC..

10.     It was further part of the manner and means of the conspiracy that defendant

[7]RAFAEL GARCIA-PEREZ incorporated three shell corporations, that is, Caribbean Services,

San Juan Community , and Metropolitan . These companies would be used as purported contractors

for the Health Plan.

11.     It was further part of the manner and means of the conspiracy that  defendants

[1]JORGE L. APONTE-FIGUEROA and [2]ADA-PEREZ-ALFONSO  would authorize payment

to Caribbean Services, Metropolitan, and San Juan Community from the Health Plan Account for

services not rendered to the Health Plan.

12.     It was further part of the manner and means of the conspiracy that the fraudulent

checks from the Health Plan Account issued to Caribbean Services, San Juan Community, and

Metropolitan, for services not rendered, were deposited by defendant [7]RAFAEL GARCIA-PEREZ

in accounts held in the name of Caribbean Services, Metropolitan and San Juan Community.

INDICTMENT
U.S. v. Jorge L. Aponte, et al.
Page No. 17

13.     It was further part of the manner and means of the conspiracy that defendant [7]RAFAEL GARCIA-PEREZ would funnel millions of dollars generated by the above fraudulent scheme to defendants [1]JORGE L. APONTE-FIGUEROA, [2] ADA PEREZ-ALFONSO and [4]MILAGROS PAGAN-MORALES, by providing defendant [4]MILAGROS PAGAN-MORALES with either cash or checks payable to cash or to third parties.

14.     It was further part of the manner and means of the conspiracy that defendant [7]RAFAEL GARCIA-PEREZ would charge a fee equal to between ten to thirty percent (10% to 30%) of the value of each Health Plan Account check he received and caused to be cashed from the unlawful scheme.

## OVERT ACTS

In furtherance of the conspiracy and in order to effect its objects, the defendants, and others known and unknown to the Grand Jury, committed and caused to be committed at least one of the below enumerated overt acts, among others, in the District of Puerto Rico and elsewhere:

1.     During the period of the conspiracy which commenced in or about 1992, defendants [5] ANGEL RAMALLO-DIAZ and [6] RAMALLO BROS., INC. caused employees of [6]RAMALLO BROS., INC. to deposit hundreds of fraudulent checks from the Health Plan Account into accounts held by [6] RAMALLO BROS., INC.

2.     During the months of July, November and December 2000, defendant [6]RAMALLO BROS., INC., received four (4) checks from the Health Plan totaling thirty thousand four hundred and forty nine dollars ($30,449.00) for services not rendered.

3.     After receiving and depositing the checks from the Health Plan Account into defendant [6]RAMALLO BROS., INC.'s Firstbank account, defendant [5]ANGEL RAMALLO-

INDICTMENT
U.S. v. Jorge L. Aponte, et al.
Page No. 18

DIAZ caused five (5) checks to be issued from the Firstbank account payable to "payroll cash".

The checks were cashed by defendant [6]RAMALLO BROS., INC.'s employees and the cash

delivered to defendant [4]MILAGROS PAGAN-MORALES, as follows:

| DATE | CHECK NO. | PAYEE | AMOUNT |
|---|---|---|---|
| Jul. 31, 2000 | 0076 | Payroll Cash | $6,477.00 |
| Nov. 3, 2000 | 0091 | Payroll Cash | $5,601.40 |
| Nov. 30, 2000 | 0092 | Payroll Cash | $2,144.00 |
| Nov. 30, 2000 | 0094 | Payroll Cash | $2,856.00 |
| Dec. 27, 2000 | 0096 | Payroll Cash | $4,776.80 |
| **Total Cash delivered to defendant [4]MILAGROS PAGAN-MORALES** | | | **$21,855.20** |

    4.      As part of the embezzlement scheme, during the period of 1999-2003, defendants

[1]JORGE L. APONTE-FIGUEROA and [2]ADA PEREZ-ALFONSO approved in excess of six

million dollars ($6,000,000.00) in checks issued from the Health Plan Account to defendant

[7]RAFAEL GARCIA-PEREZ' shell companies to pay for services that were never rendered to the

Health Plan, as follows.

| DATE | PAYEE | NUMBER OF CHECKS | AMOUNT PER YEAR |
|---|---|---|---|
| Jan. -Dec. 1999 | Caribbean Services | 52 | $351,056.00 |
| Jan- Dec. 2000 | Caribbean Services | 124 | $719,244.00 |
| Jan. -Dec. 2000 | Metropolitan Group | 9 | $ 43,826.00 |
| Jan.- Dec. 2001 | Caribbean Services | 113 | $635,829.00 |
| Jan.-Dec. 2001 | Metropolitan Group | 71 | $364,554.00 |
| March-Dec.2001 | San Juan Community | 75 | $413,383.00 |
| Jan.-Dec. 2002 | Caribbean Services | 171 | $1,091,202.00 |

INDICTMENT
U.S. v. Jorge L. Aponte, et al.
Page No. 19

| Jan.-Dec.2002 | Metropolitan Group | 160 | $1,038,709.00 |
|---|---|---|---|
| Jan.-Dec. 2002 | San Juan Community | 162 | $1,012,742.00 |
| Jan.-April 2003 | Caribbean Services | 25 | $177,801.76 |
| Jan.-Feb.2003 | Metropolitan Group | 16 | $112,496.00 |
| Jan.-Feb. 2003 | San Juan Community | 21 | $149,195.00 |
| **TOTAL** | | **999** | **$6,110,037.76** |

5.     As part of the scheme, defendant [7]RAFAEL GARCIA-PEREZ opened bank accounts in Firstbank, Santander, Doral Bank and RG Premier for the purpose of depositing and cashing the Health Plan Account checks issued by defendants [1]JORGE L. APONTE-FIGUEROA and [2]ADA-PEREZ-ALFONSO.

6.     During relevant parts of this conspiracy, defendants [1]JORGE L. APONTE-FIGUEROA and [2]ADA PEREZ-ALFONSO authorized payments from the Health Plan Account to Caribbean Service, Metropolitan and San Juan Community for services not rendered. These payments were subsequently deposited by defendant [7]RAFAEL GARCIA-PEREZ in their corresponding bank accounts.

7.     As an example, defendants [1]JORGE L. APONTE-FIGUEROA and [2]ADA PEREZ-ALFONSO authorized the following payments to San Juan Community:

| DATE | CHECK NO. | PAYEE | AMOUNT |
|---|---|---|---|
| 7/1/2002 | 45218 | San Juan Community | $6,134.00 |
| 7/5/2002 | 45254 | San Juan Community | $5,990.00 |
| 7/5/2002 | 45119 | San Juan Community | $6,285.00 |
| 7/9/2002 | 45199 | San Juan Community | $6,933.00 |
| 7/10/2002 | 45224 | San Juan Community | $4,502.00 |
| 7/12/2002 | 45222 | San Juan Community | $6,778.00 |

INDICTMENT
U.S. v. Jorge L. Aponte, et al.
Page No. 20

| | | | |
|---|---|---|---|
| 7/13/2002 | 45264 | San Juan Community | $6,861.00 |
| 7/16/2002 | 45272 | San Juan Community | $5,332.00 |
| 7/16/2002 | 45188 | San Juan Community | $7,745.00 |
| 7/18/2002 | 45240 | San Juan Community | $6,992.00 |
| 7/18/2002 | 42144 | San Juan Community | $4,667.00 |
| 7/22/2002 | 45139 | San Juan Community | $7,135.00 |
| 7/23/2002 | 45193 | San Juan Community | $5,798.00 |
| 7/24/2002 | 45105 | San Juan Community | $3,420.00 |
| 7/26/2002 | 45258 | San Juan Community | $6,734.00 |
| 7/29/2002 | 45229 | San Juan Community | $6,655.00 |
| 7/29/2002 | 45296 | San Juan Community | $5,784.00 |
| 7/30/2002 | 45161 | San Juan Community | $4,883.00 |
| 7/31/2002 | 45257 | San Juan Community | $7,556.00 |
| **TOTAL for 7/2002** | | | **$116,184.00** |

8.     During the same month, July 2002, defendants [1]JORGE L. APONTE-FIGUEROA
and [2]ADA-PEREZ-ALFONSO authorized the following payments to Caribbean Services for
services not rendered to the Health Plan Account:

| DATE | CHECK NO. | PAYEE | AMOUNT |
|---|---|---|---|
| 7/1/2002 | 45208 | Caribbean Services | $7,050.00 |
| 7/3/2002 | 45235 | Caribbean Services | $6,710.00 |
| 7/5/2002 | 45101 | Caribbean Services | $5,643.00 |
| 7/9/2002 | 45187 | Caribbean Services | $4,412.00 |
| 7/10/2002 | 45223 | Caribbean Services | $5,664.00 |
| 7/11/2002 | 45232 | Caribbean Services | $7,216.00 |
| 7/12/2002 | 45247 | Caribbean Services | $6,911.00 |
| 7/12/2002 | 45162 | Caribbean Services | $5,713.00 |

INDICTMENT
U.S. v. Jorge L. Aponte, et al.
Page No. 21

| 7/14/2002 | 45269 | Caribbean Services | $5,910.00 |
|---|---|---|---|
| 7/16/2002 | 45179 | Caribbean Services | $6,777.00 |
| 7/16/2002 | 45265 | Caribbean Services | $5,894.00 |
| 7/17/2002 | 45204 | Caribbean Services | $5,869.00 |
| 7/22/2002 | 45132 | Caribbean Services | $5,676.00 |
| 7/23/2002 | 45205 | Caribbean Services | $6,012.00 |
| 7/23/2002 | 45151 | Caribbean Services | $7,784.00 |
| 7/24/2002 | 45255 | Caribbean Services | $7,240.00 |
| 7/26/2002 | 45278 | Caribbean Services | $4,210.00 |
| 7/29/2002 | 45297 | Caribbean Services | $5,331.00 |
| 7/30/2002 | 45241 | Caribbean Services | $7,211.00 |
| 7/31/2002 | 45271 | Caribbean Services | $6,490.00 |
| **TOTAL 7/2002** | | | **$123,723.00** |

9.      During the same month, July 2002, defendants [1]JORGE L. APONTE-FIGUEROA

and [2]ADA PEREZ-ALFONSO authorized the following payments to Metropolitan , for services

not rendered,  from the Health  Plan Account:

| DATE | CHECK NO. | PAYEE | AMOUNT |
|---|---|---|---|
| 7/3/2002 | 45093 | Metropolitan | $6,811.00 |
| 7/3/2002 | 45244 | Metropolitan | $5,781.00 |
| 7/8/2002 | 45174 | Metropolitan | $5,874.00 |
| 7/9/2002 | 45213 | Metropolitan | $5,466.00 |
| 7/10/2002 | 45212 | Metropolitan | $5,410.00 |
| 7/10/2002 | 45280 | Metropolitan | $6,330.00 |
| 7/11/2002 | 45144 | Metropolitan | $7,112.00 |
| 7/11/2002 | 45243 | Metropolitan | $6,578.00 |
| 7/13/2002 | 45251 | Metropolitan | $7,166.00 |
| 7/17/2002 | 45194 | Metropolitan | $7,217.00 |

INDICTMENT
U.S. v. Jorge L. Aponte, et al.
Page No. 22

| 7/19/2002 | 45126 | Metropolitan | $6,333.00 |
| 7/23/2002 | 45143 | Metropolitan | $6,951.00 |
| 7/24/2002 | 45120 | Metropolitan | $4,511.00 |
| 7/24/2002 | 45236 | Metropolitan | $5,967.00 |
| 7/24/2002 | 45270 | Metropolitan | $5,915.00 |
| 7/26/2002 | 45285 | Metropolitan | $7,112.00 |
| 7/29/2002 | 45197 | Metropolitan | $5,944.00 |
| **TOTAL 7/2002** | | | **$106,478.00** |

10.    From 1999-2003, after depositing the Health Plan Account checks into the Caribbean Services, Metropolitan and San Juan Community accounts, defendant [7]RAFAEL GARCIA-PEREZ issued thousands of checks payable to " cash payroll", "al portador", third parties, and to himself, in amounts less than ten thousand dollars ($10,000.00) in order to funnel monies back to defendants [1]JORGE L. APONTE-FIGUEROA, [2]ADA PEREZ-ALFONSO and [4]MILAGROS PAGAN-MORALES.

11.    During the month of July, 2002, for example, defendant [7]RAFAEL GARCIA-PEREZ issued the following checks, in addition to others, from his Metropolitan account and delivered them to defendant [4]MILAGROS PAGAN-MORALES:

| DATE | CHECK NO. | PAYEE | AMOUNT |
|------|-----------|-------|--------|
| 7/2/2002 | 1438 | Al Portador | $2,400.00 |
| 7/5/2002 | 1440 | Al Portador | $2,400.00 |
| 7/8/2002 | 1442 | Al Portador Nomina | $2,400.00 |
| 7/10/2002 | 1443 | Al Portador Nomina | $2,400.00 |
| 7/12/2002 | 1444 | Al Portador Nomina | $2,400.00 |
| 7/12/2002 | 1446 | Cash Payroll | $2,400.00 |
| 7/12/2002 | 1447 | Al Portador Nomina | $2,400.00 |
| 7/17/2002 | 1448 | Al Portador | $2,400.00 |

INDICTMENT
U.S. v. Jorge L. Aponte, et al.
Page No. 23

| 7/12/2002 | 1449 | Al Portador Nomina | $2,400.00 |
|-----------|------|--------------------|-----------|
| 7/17/2002 | 1450 | Al Portador Nomina | $2,400.00 |
| 7/9//2002 | 1453 | Al Portador | $2,400.00 |
| 7/12/2002 | 1454 | Al Portador | $2,400.00 |
| 7/16/2002 | 1455 | Al Portador | $2,400.00 |
| 7/18/2002 | 1457 | Al Portador Nomina | $2,400.00 |
| 7/19/2002 | 1459 | Al Portador Nomina | $2,400.00 |
| 7/18/2002 | 1461 | Al Portador Nomina | $2,400.00 |
| 7/23/2002 | 1462 | Al Portador Nomina | $2,400.00 |
| 7/23/2002 | 1463 | Al Portador Nomina | $2,400.00 |
| 7/26/2002 | 1464 | Al Portador Nomina | $2,400.00 |
| 7/23/2002 | 1467 | Al Portador Nomina | $2,400.00 |
| 7/26/2002 | 1468 | Al Portador Nomina | $2,400.00 |
| 7/30/2002 | 1469 | Al Portador Nomina | $2,400.00 |
| 7/30/2002 | 1470 | Al Portador Nomina | $2,400.00 |
| 7/30/2002 | 1471 | Al Portador Nomina | $2,400.00 |
| 7/30/2002 | 1481 | Al Portador | $2,400.00 |
| **TOTAL** | | | **$60,000.00** |

12.    After obtaining the above listed checks from defendant [7]RAFAEL GARCIA-PEREZ, defendant [4]MILAGROS PAGAN-MORALES caused them to be cashed by a person known to the Grand Jury.

13.    During the conspiracy, defendant [4]MILAGROS PAGAN-MORALES instructed that cash from the illegal scheme be placed in separate envelopes for defendants [1]JORGE L. APONTE-FIGUEROA and [2]ADA-PEREZ-ALFONSO.

All in violation of Title 18, United States Code, Section 371.

INDICTMENT
U.S. v. Jorge L. Aponte, et al.
Page No. 24

## COUNTS THREE - SEVEN
### (Embezzlement of Labor Union Funds)

On or about the dates listed below, in the District of Puerto Rico and elsewhere within the

jurisdiction of this Court,

[1]JORGE L. APONTE-FIGUEROA,
and
[3]ENRIQUE SOSA-HERNANDEZ,

defendants herein, aided and abetted by each other and by others known and unknown to the Grand

Jury, while officers, agents, and persons employed, directly and indirectly, by UTM Local 1740, a

labor organization engaged in an industry affecting commerce, did embezzle, steal, and unlawfully

and willfully abstract and convert to their own use and the use of another any of the moneys, funds,

securities, property, and other assets of UTM Local 1740, as follows:

| COUNT | DATE | ISSUER OF UNION DUES CHECK | CHECK NO. | AMOUNT |
|-------|------|----------------------------|-----------|--------|
| THREE | November 2001 | Intership | 024899 | $21,714.38 |
| FOUR | July 2002 | Intership | 026858 | $26,701.31 |
| FIVE | May 2003 | Intership | 029310 | $29,490.82 |
| SIX | November 2004 | Intership | 033065 | $32,945.62 |
| SEVEN | January 2005 | Intership | 033425 | $32,012.38 |

All in violation of Title 29, United Sates Code, Section 501(c) and Title 18, United States Code,

Section 2.

## COUNTS EIGHT - ELEVEN
### (Embezzlement and misapplication of Health Care Program Funds)

On or about the dates listed below, in the District of Puerto Rico and elsewhere within the

jurisdiction of this Court,

INDICTMENT
U.S. v. Jorge L. Aponte, et al.
Page No. 25

[1]JORGE L. APONTE-FIGUEROA,
[2]ADA PEREZ-ALFONSO,
[4]MILAGROS PAGAN-MORALES,
[7]RAFAEL GARCIA-PEREZ,

the defendants herein, aiding and abetting each other and by others known and unknown to the Grand

Jury, did knowingly and willfully embezzle, steal, and otherwise without authority convert to the use

of any person other than the rightful owner, and intentionally misapply any of the moneys, funds,

securities, premiums, credits, property, and other assets of the Plan de Bienestar- UTM PRSSA, a

health care benefit program, as defined in Title 18, United States Code, Section 24, in the amounts

listed below:

| COUNT | DATE | CHECK NO. | AMOUNT | PAYEE |
|---|---|---|---|---|
| EIGHT | Nov. 2000 | 40346 | $4,856 | Metropolitan |
| NINE | Feb.2003 | 46859 | $7,027 | Metropolitan |
| TEN | Mar. 2001 | 41237 | $6,347 | San Juan Community |
| ELEVEN | Feb. 2003 | 46872 | $7,648 | San Juan Community |

All in violation of Title 18, United States Code, Section 669 and 2.

## COUNTS TWELVE AND THIRTEEN
### (Embezzlement and misapplication of Health Care Program Funds)

On or about the dates listed below, in the District of Puerto Rico and elsewhere within the

jurisdiction of this Court,

[1]JORGE L. APONTE-FIGUEROA,
[2]ADA PEREZ-ALFONSO,
[4]MILAGROS PAGAN-MORALES,
[5]ANGEL RAMALLO-DIAZ,
[6]RAMALLO BROS., INC.,

the defendants herein, aiding and abetting each other and by others known and unknown to the Grand

Jury, did knowingly and willfully embezzle, steal, and otherwise without authority convert to the use

of any person other than the rightful owner, and intentionally misapply any of the moneys, funds,

INDICTMENT
U.S. v. Jorge L. Aponte, et al.
Page No. 26

securities, premiums, credits, property, and other assets of the Plan de Bienestar - UTM PRSSA, a

health care benefit program, as defined in Title 18, United States Code, Section 24, in the amounts

listed below:

| COUNT | DATE | CHECK NO. | AMOUNT | PAYEE |
|---|---|---|---|---|
| TWELVE | Nov. 28, 2000 | 40456 | $7,144.00 | Ramallo Bros. Printing |
| THIRTEEN | Dec. 20, 2000 | 40656 | $6,824.00 | Ramallo Bros. Printing |

All in violation of Title 18, United States Code, Section 669 and 2.

## COUNT FOURTEEN

### (Conspiracy to Launder Money Embezzled from Plan de Bienestar)

The General Allegations are incorporated herein by reference and made part of this count.

From in or about 1992 and continuing through in or about April 2003, in San Juan, District

of Puerto Rico and elsewhere within the jurisdiction of this Court,

[1]JORGE L. APONTE-FIGUEROA,
[2]ADA PEREZ-ALFONSO,
[4]MILAGROS PAGAN-MORALES,
[5]ANGEL RAMALLO-DIAZ,
[6]RAMALLO BROS., INC.,
[7]RAFAEL GARCIA-PEREZ,

the defendants herein, did knowingly and willfully combine, conspire, confederate, and agree with

each other and others known and unknown to the Grand Jury to commit offenses against the United

States, that is, to knowingly conduct and attempt to conduct a financial transaction affecting

interstate commerce, which involved the proceeds of a specified unlawful activity, to wit: the

embezzlement of monies, funds or other assets of a health care benefit program, in violation of Title

18, United States Code, Section 664, with the intent to promote the carrying on of said unlawful

activity and knowing that the transaction was designed in whole and in part to promote and conceal

INDICTMENT
U.S. v. Jorge L. Aponte, et al.
Page No. 27

and disguise the source, ownership, and control of the proceeds of said specified unlawful activity

and knowing that the property involved in the financial transaction represented the proceeds of some

form of unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i),

(B)(i) and 1956(h).

## OBJECT OF THE CONSPIRACY

It was the purpose and object of the conspiracy for defendants, and others known and

unknown to the Grand Jury, to conceal the unlawful embezzlement of funds from the Plan de

Bienestar by engaging in repetitive financial transactions designed to give the appearance of

legitimacy, thereby perpetuating and concealing the fraudulent scheme.

## MANNER AND MEANS OF THE CONSPIRACY

1.      It was part of the manner and means of the conspiracy for defendants [1]JORGE L.

APONTE-FIGUEROA , [2]ADA PEREZ-ALFONSO, and [4] MILAGROS PAGAN-MORALES

to prepare and cause to be prepared, and approve checks issued from the Health Plan Account

payable to defendant [6]RAMALLO BROS., INC., Caribbean Services, Metropolitan and San Juan

Community,  to pay for services not rendered to the Health Plan.

2.      It was further part of the manner and means of the conspiracy for defendants

[5]ANGEL RAMALLO-DIAZ and [7]RAFAEL GARCIA-PEREZ to accept the checks issued on

behalf of companies owned and/or associated with them, to wit: defendant [6]RAMALLO BROS.,

INC., Caribbean Services, Metropolitan Group, and San Juan Community, for services not rendered.

3.      It was further part of the manner and means of the conspiracy, for defendants

[5]ANGEL RAMALLO-DIAZ, [6]RAMALLO BROS., INC., and [7]RAFAEL GARCIA-PEREZ

to, directly or through third parties, funnel the monies obtained from the  Health Plan Account back

to   defendants   [1]JORGE   L.   APONTE-FIGUEROA,   [2]ADA   PEREZ-ALFONSO,   and

[4]MILAGROS PAGAN-MORALES,  after charging a 10-30% fee for their illegal services.

INDICTMENT
U.S. v. Jorge L. Aponte, et al.
Page No. 28

4.      The manner and means of Count Two of this Indictment are re-alleged by reference as though fully set forth herein as constituting manner and means of this conspiracy to launder money.

## OVERT ACTS

In furtherance of the conspiracy and in order to effect its objects, the defendants, and others known and unknown to the Grand Jury, committed and caused to be committed at least one of the below enumerated overt acts, among others, in the District of Puerto Rico and elsewhere:

1.      During the period of the conspiracy which commenced in or about 1992, defendants [5]ANGEL RAMALLO-DIAZ and [6]RAMALLO BROS., INC. caused employees of defendant [6]RAMALLO BROS., INC.  to deposit hundreds of fraudulent checks from the Health Plan Account for service not rendered to the Health Plan into accounts held by [6] RAMALLO BROS., INC..

2.      From the period between 1999-2003, defendants [1]JORGE L. APONTE-FIGUEROA and [2]ADA PEREZ-ALFONSO approved the payment of over six million dollars ($6,000,000.00) to defendant [7]RAFAEL GARCIA-PEREZ,  through his companies Caribbean Services, Metropolitan Group,  and San Juan Community, for services not rendered to the Health Plan, as follows:

| DATE | PAYEE | NUMBER OF CHECKS | AMOUNT PER YEAR |
|---|---|---|---|
| Jan. -Dec. 1999 | Caribbean Services | 52 | $351,056.00 |
| Jan- Dec. 2000 | Caribbean Services | 124 | $719,244.00 |
| Nov. -Dec. 2000 | Metropolitan | 9 | $ 43,826.00 |
| Jan.- Dec. 2001 | Caribbean Services | 113 | $635,829.00 |
| Jan.-Dec. 2001 | Metropolitan | 71 | $364,554.00 |
| March-Dec.2001 | San Juan Community | 75 | $413,383.00 |

INDICTMENT
U.S. v. Jorge L. Aponte, et al.
Page No. 29

| Jan.-Dec. 2002 | Caribbean Services | 171 | $1,091,202.00 |
|---|---|---|---|
| Jan.-Dec.2002 | Metropolitan | 160 | $1,038,709.00 |
| Jan.-Dec. 2002 | San Juan Community | 162 | $861,104.00 |
| Jan.-April 2003 | Caribbean Services | 25 | $177,801.76 |
| Jan.-Feb.2003 | Metropolitan Group | 16 | $112,496.00 |
| Jan.-Feb. 2003 | San Juan Community | 21 | $149,195.00 |
| **TOTAL** | | **999** | **$6,110,037.76** |

3.    Between 1999 through 2003, defendant [7]RAFAEL GARCIA-PEREZ caused in

excess of six million dollars ($6,000,000.00) in fraudulent checks received for services not rendered

to the Health Plan, to be deposited into the bank accounts held in the name of Caribbean Services,

Metropolitan, and San Juan Community.

4.    Between 1999 through 2003, defendant [7]RAFAEL GARCIA-PEREZ concealed

the embezzlement scheme by issuing thousands of checks from the accounts of Caribbean Services,

Metropolitan, and San Juan Community, in amounts under $10,000.00 payable to "cash", "al

portador", himself and to third parties, as a mechanism to enable the monies to be funneled back to

defendants [1]JORGE L. APONTE, [2]ADA PEREZ-ALFONSO and [4]MILAGROS PAGAN-

MORALES.

5.    The overt acts of Count Two of this Indictment are re-alleged by reference as though

fully set forth herein as constituting overt acts  of this conspiracy to launder money.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT FIFTEEN
### (Conspiracy to Launder Money Embezzled from Union Dues)

The General Allegations are incorporated herein by reference and made part of this count.

On a date unknown to the Grand Jury but not earlier than1990, through in or about June

2005, in San Juan, District of Puerto Rico and elsewhere within the jurisdiction of this Court,

INDICTMENT
U.S. v. Jorge L. Aponte, et al.
Page No. 30

[1]JORGE L. APONTE-FIGUEROA,
[3]ENRIQUE SOSA-HERNANDEZ,
[8]FERNANDO SANCHEZ-BENCON,
[[9]EDUARDO SANCHEZ-BENCON,
[10]FRANCISCO CONSUEGRA-LASTAYO,
[11]CONSUEGRA, INC.,
[12]GUILLERMO RIVERA-OLIVER,
[13]RRO, INC., dba "El Grillon"

the defendants herein, did knowingly and willfully combine, conspire, confederate, and agree with each other and others known and unknown to the Grand Jury to commit offenses against the United States, that is, knowingly conducting and attempting to conduct a financial transaction affecting interstate commerce, which involved the proceeds of a specified unlawful activity, to wit: embezzlement of labor union funds in violation of Title 29, United States Code, Section 501(c), with the intent to promote the carrying on of said unlawful activity and knowing that the transaction was designed in whole and in part to conceal and disguise the source, ownership, and control of the proceeds of said specified unlawful activity, and knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i),(B)(i) and 1956(h).

## OBJECT OF THE CONSPIRACY

It was the purpose and object of the conspiracy for defendants, and others known and unknown to the Grand Jury, to conceal the unlawful diversion of UTM Local 1740 funds by engaging in financial transactions designed to conceal the source of their illegal proceeds and to promote the carrying on of the embezzlement of union dues.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means of Count One of this Indictment are re-alleged by reference as though fully set forth herein as constituting manner and means of this conspiracy to launder money.

INDICTMENT
U.S. v. Jorge L. Aponte, et al.
Page No. 31

## OVERT ACTS

The overt acts of Count One of this Indictment are re-alleged herein as though fully set forth herein as constituting overt acts of this conspiracy to launder money.

## COUNT SIXTEEN
### (Making a False Record)

In or about March, 2001, in San Juan, District of Puerto Rico and elsewhere within the jurisdiction of this Court,

### [1]JORGE L. APONTE-FIGUEROA,

the defendant herein, did willfully make, conceal, withhold and destroy a false entry in any books, records, reports, and statements required to be kept by Section 436 of Title 29, United States Code, that is, UTM Local 1740's Labor Organization Annual Report, Form LM-2, for calendar year 2000 by falsely reporting the amount of union dues paid to UTM Local 1740. All in violation of Title 29, United States Code, Section 439(c).

## COUNT SEVENTEEN
### (Making a False Record)

In or about February, 2002, in San Juan, District of Puerto Rico and elsewhere within the jurisdiction of this Court,

### [1]JORGE L. APONTE-FIGUEROA,

the defendant herein, did willfully make, conceal, withhold and destroy a false entry in any books, records, reports, and statements required to be kept by Section 436 of Title 29, United States Code, that is, UTM Local 1740's Labor Organization Annual Report, Form LM-3 for calendar year 2001 by falsely reporting the amount of union dues paid to UTM Local 1740. All in violation of Title 29, United States Code, Section 439(c).

INDICTMENT
U.S. v. Jorge L. Aponte, et al.
Page No. 32

## COUNT EIGHTEEN
### (Making a False Record)

In or about February, 2003, in San Juan, District of Puerto Rico and elsewhere within the jurisdiction of this Court,

### [1]JORGE L. APONTE-FIGUEROA,

the defendant herein, did willfully make, conceal, withhold and destroy a false entry in any books, records, reports, and statements required to be kept by Section 436 of Title 29, United States Code, that is, UTM Local 1740's Labor Organization Annual Report, Form LM-3, for calendar year 2002 by falsely reporting the amount of union dues paid to UTM Local 1740. All in violation of Title 29, United States Code, Section 439(c).

## COUNT NINETEEN
### (Making a False Record)

In or about April, 2004, in San Juan, District of Puerto Rico and elsewhere within the jurisdiction of this Court,

### [1]JORGE L. APONTE-FIGUEROA,

the defendant herein, did willfully make, conceal, withhold and destroy a false entry in any books, records, reports, and statements required to be kept by Section 436 of Title 29, United States Code, that is, UTM Local 1740's Labor Organization Annual Report, LM-2, for calendar year 2003 by falsely reporting the amount of union dues paid to UTM Local 1740. All in violation of Title 29, United States Code, Section 439(c).

## COUNT TWENTY
### (Making a False Record)

In or about April, 2005, in San Juan, District of Puerto Rico and elsewhere within the jurisdiction of this Court,

### [1]JORGE L. APONTE-FIGUEROA,

INDICTMENT
U.S. v. Jorge L. Aponte, et al.
Page No. 33

the defendant herein, did willfully make, conceal, withhold and destroy a false entry in any books,

records, reports, and statements required to be kept by Section 436 of Title 29, United States Code,

that is, UTM Local 1740's Labor Organization Annual Report, Form LM-2, for calendar year 2004

by falsely reporting the amount of union dues paid to UTM Local 1740. All in violation of Title 29,

United States Code, Section 439(c).

## COUNT TWENTY-ONE
### LABOR UNION EMBEZZLEMENT FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461)

1.      Pursuant to Title 18, United States Code, Section 981(a)(1)(C), as incorporated

through Title 28, United States Code, Section 2461,

[[1]JORGE L. APONTE-FIGUEROA,
and
[3] ENRIQUE SOSA-HERNANDEZ,

upon being convicted of one or more of the offenses set forth in Counts One, and Three through

Seven, of this Indictment shall forfeit to the United States the following property:

a.      Any property, real or personal, which constitutes or is derived from proceeds

traceable to any offense constituting a "specified unlawful activity" as

defined in section 1956(c)(7), or any conspiracy to commit such offence.

b.      A sum of money equal to the total amount of money which

constitutes or is derived from proceeds traceable to any offense

constituting a "specified unlawful activity" as defined in section

1956(c)(7), or any conspiracy to commit such offence. If more than

one defendant is convicted of an offense, the defendants so convicted

are jointly and severally liable for the amount involved in such

offense.

INDICTMENT
U.S. v. Jorge L. Aponte, et al.
Page No. 34

c.     ONE PARCEL OF REAL PROPERTY LOCATED AT VILLA LA MARINA, L 2, CALLE 6 CAROLINA, PUERTO RICO, 00979, WITH ALL APPURTENANCE, IMPROVEMENTS, FIXTURES, ATTACHMENTS AND EASEMENTS, AS WELL AS RENTS OR PROCEEDS DERIVED FROM THE RENTAL OR USE OF SUCH PROPERTY.

d.     ONE PARCEL OF REAL PROPERTY LOCATED AT CALLE 23 BUILDING S 16, PARQUE ECUESTRE, CAROLINA, PUERTO RICO, 00987, WITH ALL APPURTENANCE, IMPROVEMENTS, FIXTURES, ATTACHMENTS AND EASEMENTS, AS WELL AS RENTS OR PROCEEDS DERIVED FROM THE RENTAL OR USE OF SUCH PROPERTY.

e.     ONE PARCEL OF REAL PROPERTY LOCATED AT CONDIMINIUM MADRE SELVA, APARTMENT #304, CALLE EBANO, GUAYNABO, PUERTO RICO, WITH ALL APPURTENANCE, IMPROVEMENTS, FIXTURES, ATTACHMENTS AND EASEMENTS, AS WELL AS RENTS OR PROCEEDS DERIVED FROM THE RENTAL OR USE OF SUCH PROPERTY.

2.     Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), each defendant shall forfeit substitute property, up to the value of the amount described in paragraph 1, if, by any act or omission of the defendant, the property described in paragraph 1, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

All in accordance with Title 18, United States Code, Section, 981(a)(1)(C), Title 28, United States Code, Section 2461, and Rule 32.2(a), Federal Rules of Criminal Procedure.

### COUNT TWENTY-TWO
### HEALTHCARE FRAUD FORFEITURE ALLEGATION
### (18 U.S.C. § 982(a)(7))

1.     Pursuant to Title 18, United States Code, Section 982(a)(7),

[1] JORGE L. APONTE-FIGUEROA,
[2] ADA PEREZ-ALFONSO,
[4] MILAGROS PAGAN-MORALES,
[5] ANGEL RAMALLO-DIAZ,

[6]RAMALLO BROS., INC.,
and
[7]RAFAEL GARCIA-PEREZ,

upon being convicted of one or more of the offenses set forth in Counts Two. Eight through Eleven,

Twelve, and Thirteen of this Indictment shall forfeit to the United States the following property:

a.   Property, real or personal, that constitutes or is derived, directly or indirectly,

from gross proceeds traceable to the commission of a Federal health care

offense.

b.   A sum of money equal to the total amount of money that constitutes

or is derived, directly or indirectly, from gross proceeds traceable to

the commission of a Federal health care offense.  If more than one

defendant is convicted of an offense, the defendants so convicted are

jointly and severally liable for the amount involved in such offense.

c.   All United States currency funds or other monetary instruments credited to:

   i.    Eurobank Account # 750013395 in the name of Ada Perez Alfonso;

   ii.   Eurobank Account #750013184 in the name of Ada Perez Alfonso;

   iii.  Citibank Account #123016975 in the name of Ada Perez Alfonso;

   iv.   Eurobank Trust Account #102003026 in the name of Ada Perez Alfonso;

   v.    Deutshch Bank Securities Account #839-00637 in the name of Ada Perez

         Alfonso;

   vi.   Donaldson, Lufkin & Jenretle Account #580-012660 in the name of Ada

         Perez Alfonso;

   vii.  Donaldson, Lufkin & Jenretle Account #580-012173 in the name of Ada

         Perez Alfonso;

      viii.    Eurobank Account #PR3-000442 in the name of Ada Perez Alfonso;

      ix.    Banco Popular Account #012-073342 in the name of Ada Perez Alfonso.

    d.    ONE HORIZONTAL PROPERTY IDENTIFIED AS APARTMENT C, CONDOMINIUM PALMA REAL LOCATED SAN JUAN, PUERTO RICO WITH ALL APPURTENANCE, IMPROVEMENTS, FIXTURES, ATTACHMENTS AND EASEMENTS, AS WELL AS RENTS OR PROCEEDS DERIVED FROM THE RENTAL OR USE OF SUCH PROPERTY, MORE PARTICULARLY DESCRIBED AS:

      **Urbana:** Propiedad Horizontal: Penthouse apartamento "C". Localizado en el extremo Sureste del ala Suroeste de los pisos quince y dieciséis de la sección residencial del condominio Palma Real. Ubicado entre las avenidas Ponce de León y Baldorioty de Castro; y las Calles Madrid y Ensenada, en el sector Miramar, de San Juan, Puerto Rico. Tiene un área superficial de tres mil cincuenta pies cuadrados equivalente a doscientos ochenta y tres punto tres metros cuadrados, de cuya área mil cuatrocientos setenta y ocho pies cuadrados, equivalente a ciento treinta y seis punto cuatro metros cuadrados, Está localizado en el piso quince y mil quinientos ochenta y dos pies cuadrados equivalentes a ciento cuarenta y seis punto nueve metros cuadrados están localizados en el piso dieciséis.

      **Colindancias:** En la planta quince colinda este apartamento por el noreste, con el Penthouse "B", y el Penthouse "A" y el centro, con el extremo Suroeste del pasillo central de esa ala Suroeste de ese piso, por donde tiene su entrada, conectando este pasillo al apartamento con el corredor central del piso donde están localizados los elevadores y las escaleras que conecta al apartamento en todos las demás plantas de la sección residencial y su entrada principal, que sale a la Calle Madrid, por el Noreste colinda el apartamento en el Penthouse "B", el patio Oeste del edificio que da a la Calle Ensenada, y por el Sureste y Suroeste, en la terraza de recreo localizada sobre la sección comercial del edificio varias plantas mas abajo siendo el acceso a otra planta a través de una escalera interior que sube del piso de abajo del apartamento.

    e.    ONE PARCEL OF REAL PROPERTY LOCATED AT CALLE 23 BUILDING S 16, PARQUE ECUESTRE, CAROLINA, PUERTO RICO, 00987, WITH ALL APPURTENANCE, IMPROVEMENTS, FIXTURES, ATTACHMENTS AND EASEMENTS, AS WELL AS RENTS OR PROCEEDS DERIVED FROM THE RENTAL OR USE OF SUCH PROPERTY.

    f.    ONE PARCEL OF REAL PROPERTY LOCATED AT CONDOMINIUM ALHAMBRA 618 CALLE ILLAMPU #4-C, SAN JUAN PUERTO RICO, 00907, WITH ALL APPURTENANCE, IMPROVEMENTS, FIXTURES, ATTACHMENTS AND EASEMENTS, AS

WELL AS RENTS OR PROCEEDS DERIVED FROM THE RENTAL OR USE OF SUCH PROPERTY.

g.  ONE RURAL LOT LOCATED IN BARRIO QUEBRADA ARENAS, RIO PIEDRAS, PUERTO RICO WITH ALL APPURTENANCE, IMPROVEMENTS, FIXTURES, ATTACHMENTS AND EASEMENTS, AS WELL AS RENTS OR PROCEEDS DERIVED FROM THE RENTAL OR USE OF SUCH PROPERTY, MORE PARTICULARLY DESCRIBED AS:

> RUSTICA: Parcela de terreno radicada en el Barrio Quebrada Arenas del termino municipal de Rio Piedras, Puerto Rico con una cabida de DOSCIENTOS TREINTA Y OCHO MIL CIENTO TREINTA Y OCHO PUNTO SEIS MIL CUARENTA Y SEIS (238,138.6046) METROS CUADRADOS. En lindes por el NORTE, con los terrenos de ramona Comenares y Arturo Mendez; por el SUR, en una linea irregular con terrenos de Lucia Flecha, Banco Gubernamental de Fomento, Ernesto Gonzalez, Jose m. Diaz, Fernando Aponte, Federico Perez, Tomasa montalvo, Juez Quinones y Camino Los navarros; por el ESTE, en linea irregular con terrenos de Martinez Enterprises, Inc., Jorge Hernandez Rodriguez, Autoridad de Carreteras y Camino Los Navarros; y por el OESTE, con camino municipal Urbanizacion Lomas del Sol y terrenos de Dionisio Rosario."

2.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), each defendant shall forfeit substitute property, up to the value of the amount described in paragraph 1, if, by any act or omission of the defendant, the property described in paragraph 1, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

All in accordance with Title 18, United States Code, Section, 982(a)(7), and Rule 32.2(a), Federal Rules of Criminal Procedure.

INDICTMENT
U.S. v. Jorge L. Aponte, et al.
Page No. 38

## COUNT TWENTY-THREE
## MONEY LAUNDERING FORFEITURE ALLEGATION
### (18 U.S.C. § 982(a)(1))

1.      Pursuant to Title 18, United States Code, Section 982(a)(1),

[1]JORGE L. APONTE-FIGUEROA,
[2]ADA PEREZ-ALFONSO,
[3]ENRIQUE SOSA-HERNANDEZ,
[4]MILAGROS PAGAN-MORALES,
[5]ANGEL RAMALLO-DIAZ,
[6]RAMALLO BROS., INC.,
[7]RAFAEL GARCIA-PEREZ,
[8]FERNANDO SANCHEZ-BENCON,
[9]EDUARDO SANCHEZ-BENCON,
[10]FRANCISCO CONSUEGRA-LASTAYO,
[11]CONSUEGRA, INC.,
[12]GUILLERMO RIVERA-OLIVER,
and
[13]RRO, INC. , dba "El Grillon",

upon being convicted of one or more of the offenses set forth in Counts Fourteen and Fifteen, shall

forfeit to the United States the following property:

a.      All right, title, and interest in any and all property involved in each

offense in violation of Title 18, United States Code, Section 1956 [or

1957], or conspiracy to commit such offense, for which the defendant

is convicted, and all property traceable to such property, including the

following: 1) all money or other property that was the subject of each

transaction, transportation, transmission or transfer in violation of

Section 1956 [or 1957]; 2) all commissions, fees and other property

constituting proceeds obtained as a result of those violations; and 3)

all property used in any manner or part to commit or to facilitate the

commission of those violations.

INDICTMENT
U.S. v. Jorge L. Aponte, et al.
Page No. 39

   b.    A sum of money equal to the total amount of money involved in each

         offense, or conspiracy to commit such offense, for which the

         defendant is convicted. If more than one defendant is convicted of an

         offense, the defendants so convicted are jointly and severally liable

         for the amount involved in such offense.

   c.    All United States currency funds or other monetary instruments credited to:

         i.     Eurobank Account # 750013395 in the name of Ada Perez Alfonso;

         ii.    Eurobank Account #750013184 in the name of Ada Perez Alfonso;

         iii.   Citibank Account #123016975 in the name of Ada Perez Alfonso;

         iv.    Eurobank Trust Account #102003026;

         v.     Deutshch Bank Securities Account #839-00637 in the name of Ada Perez

                Alfonso;

         vi.    Donaldson, Lufkin & Jenretle Account #580-012660 in the name of Ada

                Perez Alfonso;

         vii.   Donaldson, Lufkin & Jenretle Account #580-012173 in the name of Ada

                Perez Alfonso;

         viii.  Eurobank Account #PR3-000442 in the name of Ada Perez Alfonso;

         ix.    Banco Popular Account #012-073342 in the name of Ada Perez Alfonso.

   d.    ONE  HORIZONTAL  PROPERTY  IDENTIFIED  AS  APARTMENT C,
CONDOMINIUM PALMA REAL LOCATED SAN JUAN, PUERTO RICO WITH ALL
APPURTENANCE, IMPROVEMENTS, FIXTURES, ATTACHMENTS AND EASEMENTS, AS
WELL AS RENTS OR PROCEEDS DERIVED FROM THE RENTAL OR USE OF SUCH
PROPERTY, MORE PARTICULARLY DESCRIBED AS:

         **Urbana:** Propiedad Horizontal: Penthouse apartamento "C".
         Localizado en el extremo Sureste del ala Suroeste de los pisos
         quince y dieciséis de la sección residencial del condominio Palma
         Real. Ubicado entre las avenidas Ponce de León y Baldorioty de
         Castro; y las Calles Madrid y Ensenada, en el sector Miramar, de

San Juan, Puerto Rico. Tiene un área superficial de tres mil cincuenta pies cuadrados equivalente a doscientos ochenta y tres punto tres metros cuadrados, de cuya área mil cuatrocientos setenta y ocho pies cuadrados, equivalente a ciento treinta y seis punto cuatro metros cuadrados, Está localizado en el piso quince y mil quinientos ochenta y dos pies cuadrados equivalentes a ciento cuarenta y seis punto nueve metros cuadrados están localizados en el piso dieciséis.

**Colindancias:** En la planta quince colinda este apartamento por el noreste, con el Penthouse "B", y el Penthouse "A" y el centro, con el extremo Suroeste del pasillo central de esa ala Suroeste de ese piso, por donde tiene su entrada, conectando este pasillo al apartamento con el corredor central del piso donde están localizados los elevadores y las escaleras que conecta al apartamento en todos las demás plantas de la sección residencial y su entrada principal, que sale a la Calle Madrid, por el Noreste colinda el apartamento en el Penthouse "B", el patio Oeste del edificio que da a la Calle Ensenada, y por el Sureste y Suroeste, en la terraza de recreo localizada sobre la sección comercial del edificio varias plantas mas abajo siendo el acceso a otra planta a través de una escalera interior que sube del piso de abajo del apartamento.

e. ONE PARCEL OF REAL PROPERTY LOCATED AT VILLA LA MARINA, L 2, CALLE 6 CAROLINA, PUERTO RICO, 00979, WITH ALL APPURTENANCE, IMPROVEMENTS, FIXTURES, ATTACHMENTS AND EASEMENTS, AS WELL AS RENTS OR PROCEEDS DERIVED FROM THE RENTAL OR USE OF SUCH PROPERTY.

f. ONE PARCEL OF REAL PROPERTY LOCATED AT CALLE 23 BUILDING S 16, PARQUE ECUESTRE, CAROLINA, PUERTO RICO, 00987, WITH ALL APPURTENANCE, IMPROVEMENTS, FIXTURES, ATTACHMENTS AND EASEMENTS, AS WELL AS RENTS OR PROCEEDS DERIVED FROM THE RENTAL OR USE OF SUCH PROPERTY.

g. ONE PARCEL OF REAL PROPERTY LOCATED AT CONDIMINIUM ALHAMBRA 618 CALLE ILLAMPU #4-C, SAN JUAN PUERTO RICO, 00907, WITH ALL APPURTENANCE, IMPROVEMENTS, FIXTURES, ATTACHMENTS AND EASEMENTS, AS WELL AS RENTS OR PROCEEDS DERIVED FROM THE RENTAL OR USE OF SUCH PROPERTY.

h.     ONE PARCEL OF REAL PROPERTY LOCATED AT CONDIMINIUM MADRE SELVA, APARTMENT #304, CALLE EBANO, GUAYNABO, PUERTO RICO WITH ALL APPURTENANCE, IMPROVEMENTS, FIXTURES, ATTACHMENTS AND EASEMENTS, AS WELL AS RENTS OR PROCEEDS DERIVED FROM THE RENTAL OR USE OF SUCH PROPERTY.

i.     ONE RURAL LOT LOCATED IN BARRIO QUEBRADA ARENAS, RIO PIEDRAS, PUERTO RICO WITH ALL APPURTENANCE, IMPROVEMENTS, FIXTURES, ATTACHMENTS AND EASEMENTS, AS WELL AS RENTS OR PROCEEDS DERIVED FROM THE RENTAL OR USE OF SUCH PROPERTY, MORE PARTICULARLY DESCRIBED AS:

> RUSTICA: Parcela de terreno radicada en el Barrio Quebrada Arenas del termino municipal de Rio Piedras, Puerto Rico con una cabida de DOSCIENTOS TREINTA Y OCHO MIL CIENTO TREINTA Y OCHO PUNTO SEIS MIL CUARENTA Y SEIS (238,138.6046) METROS CUADRADOS. En lindes por el NORTE, con los terrenos de ramona Comenares y Arturo Mendez; por el SUR, en una linea irregular con terrenos de Lucia Flecha, Banco Gubernamental de Fomento, Ernesto Gonzalez, Jose m. Diaz, Fernando Aponte, Federico Perez, Tomasa montalvo, Juez Quinones y Camino Los navarros; por el ESTE, en linea irregular con terrenos de Martinez Enterprises, Inc., Jorge Hernandez Rodriguez, Autoridad de Carreteras y Camino Los Navarros; y por el OESTE, con camino municipal Urbanizacion Lomas del Sol y terrenos de Dionisio Rosario."

2.     Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), each defendant shall forfeit substitute property, up to the value of the amount described in paragraph 1, if, by any act or omission of the defendant, the property described in paragraph 1, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

INDICTMENT
U.S. v. Jorge L. Aponte, et al.
Page No. 42

    All in accordance with Title 18, United States Code, Section, 982(a)(1), and Rule 32.2(a),

Federal Rules of Criminal Procedure.

H.S. GARCIA
United States Attorney

TRUE BILL

FOREPERSON
07-19-05

Sonia I. Torres
Assistant U.S. Attorney
Chief, Criminal Division
Date:   July 19, 2005

Nereida Melendez-Rivera
Assistant U.S. Attorney
Deputy Chief, Criminal Division
Date:   7/19/05

Marcos Lopez
Assistant U.S. Attorney
Date:   7/19/05